Troutman Law Firm PC
5075 SW Griffith Dr., Suite 220
Beaverton, OR 97005
(503) 292-6788
(503) 596-2371 fax
Ted A. Troutman, OSB #844470

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>ROLLIN DIRTY LLC,<br><br>Debtors-in-Possession. | Case No. 23-31150-thp11<br><br>**APPLICATION TO EMPLOY ATTORNEY** |

  Debtor-in-Possession hereby applies to the Court for leave to employ Ted A. Troutman of the law firm of Troutman Law Firm, PC to provide professional services in the above-entitled case.

  The proposed rate of compensation, subject to final Court approval, is the customary rate in effect when the services were performed, currently $495.00 for services performed by an attorney and $220.00 for services performed by a paralegal.

  A Fee Agreement between Ted A. Troutman and Debtors-in-Possession is attached hereto and by this reference made a part hereof.

  WHEREFORE, the Debtor-in-Possession prays for an Order authorizing the employment of Ted A. Troutman and the law firm of Troutman Law Firm, PC.

*Rollin Dirty LLC*
*/s/ Wilbur Manard Sims III*
_____
By Wilbur Manard Sims III, President
Debtor-in-Possession

# ATTORNEY – CLIENT CHAPTER 11

# HOURLY FEE AGREEMENT

Rollin Dirty LLC ("Rollin Dirty") hereby retains the law firm of Troutman Law Firm, PC and Ted A. Troutman ("The Firm") to represent me regarding a Chapter 11 Bankruptcy reorganization proceeding subject to the following conditions:

1. I agree to pay to The Firm a retainer in the amount of $10,000 was deposited into The Firm's Client Trust Account prior to the filing of a petition for relief. I understand The Firm has not accepted my case and will not act as my attorney until I have signed this Agreement and made a deposit of $10,000. Any unearned portion of the retainer will be returned to me at the end of my case. All fees earned will be transferred to the general account before filing.

2. I agree to pay the firm at an hourly rate for all work performed on my case pursuant to the schedule of hourly rates attached to this agreement as "Attachment One" and fully incorporated herein. I understand and agree attorney fees may be charged at the minimum hourly rate. I understand the hourly rate schedule attached as "Attachment One" is subject to reasonable periodic increases of $25.00 per hour, on an annual basis.

3. I understand fees and costs will be billed monthly and that any balance owing is due and payable not more than ten days from the date of the monthly statement. The Firm may cease to provide legal services if I fail to pay all charges in full each month when due. I understand a late penalty of 12 percent per annum may be charged on all unpaid balances over 30 days old. Notwithstanding the above, I understand that upon filing of the Chapter 11 bankruptcy, any additional attorney fees are subject to Court approval and will not be paid to attorneys without court approval.

4. The Firm may withdraw and apply my retainer and any other sums in my trust account to my bill at any time unless I give The Firm specific written instructions to the contrary. No funds will be withdrawn without prior Bankruptcy Court approval.

5. The Firm will tell me if it becomes necessary to deposit additional sums in my trust account to cover future fees and costs. I will promptly deposit the requested sum with The Firm. I agree that The Firm shall have the right to cease all work on my behalf if such additional sums are not promptly deposited with The Firm. No funds will be requested for deposit without prior Bankruptcy Court approval.

6. I understand and agree that The Firm may assign all or any portion of the work to be performed on my case to paralegals and other support staff working under the direct supervision of The Firm and charge me their standard hourly rate set forth in "Attachment One" attached at the end of this Agreement and fully incorporated herein.

7. I agree to pay to The Firm, in addition to any fee charged, all out-of-pocket costs incurred by The Firm on my behalf or in connection with my case. I understand costs may include such items as filing fees, trial fees, photocopy charges, long distance telephone charges, long distance facsimile charges, service fees, appraisal fees, investigation and deposition costs, witness fees,

and any other costs deemed necessary by The Firm. I understand I am liable for all fees charged by other professionals for work performed on my case. I will pay those fees as agreed and The Firm is not liable as my agent for those fees. No costs will be collected from the Client or paid from Trust without prior Bankruptcy Court approval.

8. I understand The Firm will use its best efforts in representing me. The Firm has given me no assurances about the outcome of matters being handled by The Firm except that it is impossible to determine in advance the amount of time that will be needed to complete my case. I acknowledge The Firm's average fee for one day of trial is $3,900.00 and $3,900.00 for one day of trial preparation. The Firm s actual fee may be more/or or less than those amounts.

9  I agree to fully cooperate with The Firm and others working on my case. I will keep The Firm advised of all matters which may have a bearing on my case, be truthful with the Firm at all times, follow through with all agreements made with The Firm at all times, keep appointments, give depositions, produce documents, respond promptly to The Firm's letters, appear for scheduled Court appearances, and keep The Firm informed of any change of my address, telephone number or employment within five days of such change. If I fail to appear at any Court hearing or trial, I authorize The Firm to exercise discretion and proceed in whatever manner The Firm sees fit.

10. I agree that The Firm is not required to complete work on my case and that it may withdraw as my attorney at any time, subject to Court approval if required, if I fail to comply with the exact terms of this Agreement. I understand The Firm will send written notice of intent to withdraw to my last known address and need give me no other notice.

11. I understand and agree that if I request The Firm to perform service on any other legal matter subsequent to the signing of this Agreement, the terms of this Agreement shall apply to and be binding in the new matter until a new fee agreement is negotiated between The Firm and I.

12. I acknowledge that failure of The Firm at any time to require strict performance of any provision of this Agreement shall not limit The Firm's right to enforce the provision, nor shall my waiver by The Firm of any provision be a waiver of or prejudice The Firm's right to otherwise demand strict performance of the provision or any other provision of this Agreement.

13. I acknowledge that I am free to review this Agreement with another attorney before signing it, and that I did not sign this Agreement during our first meeting.

14. I understand that a bankruptcy proceeding is unique in that I may not have the option of terminating the employment of attorneys and proceeding on my own unless the Bankruptcy Judge permits the resignation of attorneys. The Bankruptcy Court has ruled that unless it permits the resignation of the attorney, the attorney is required to continue representation and be reasonably compensated for services rendered and costs incurred.

I HAVE READ THIS AGREEMENT CONSISTING OF FOUR PAGES AND ATTACHMENT(S). I HAVE RECEIVED A COPY OF IT AND AGREE TO THE TERMS AND CONDITIONS AS STATED. THERE ARE NO VERBAL AGREEMENTS BETWEEN CLIENT AND THE FIRM MODIFYING OR EXPANDING THE TERMS OF THIS AGREEMENT.

Dated this 23rd day of May, 2023.

*By: /s/Wilbur Manard Sims III*
_____
By: Wilbur Manard Sims III, President

8080 Hughey Lane
_____
Address

Tillamook OR 97141
_____
City, State Zip Code

*/s/Ted A. Troutman*
_____
Ted A. Troutman
TROUTMAN LAW FIRM, PC

*/s/Wilbur Manard Sims III*
_____
Wilbur Manard Sims III, Guarantor of Fee Payable

FEE SCHEDULE

Ted A. Troutman                                           $495/hr

Paralegals                                                $220/hr

"Attachment One"

In re                                              )
                                                   )  Case No. _____
                                                   )
                                                   )  RULE 2014 VERIFIED STATEMENT
Debtor(s)                                          )  FOR PROPOSED PROFESSIONAL

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1. The applicant is not a creditor of the debtor except:

2. The applicant is not an equity security holder of the debtor.

3. The applicant is not a relative of the individual debtor.

4. The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5. The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6. The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7. The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8. The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9. The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)). Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

1114 (11/30/09)    Page 2 of 3

Case 23-31150-thp11    Doc 3    Filed 05/23/23

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant